IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER JENKINSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CASE NO. |
| | § | |
| ALCLEAR, LLC, | § | |
| | § | |
| Defendant. | § | |

# COMPLAINT

Plaintiff Christopher Jenkinson ("Plaintiff" or "Mr. Jenkinson"), by way of this Complaint against Defendant Alclear, LLC ("Defendant") states and alleges as follows:

## NATURE OF THE ACTION

1. This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et seq. ("Title VII") and Title I of the Civil Rights Act of 1991, 42 U.S.C. Section 1981A, and Americans with Disabilities Act ("ADA") to correct unlawful employment practices based on retaliation and to make Mr. Jenkinson whole.

2. Mr. Jenkinson sues to redress the legal and equitable wrongs he suffered as a result of Defendant's retaliation against him after he opposed the discriminatory conduct of Defendant.

## JURISDICTION AND VENUE

3. This action is authorized and instituted pursuant to 42 U.S.C. Section 2000e et seq., and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981A. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

4. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Texas, Dallas Division.

## PARTIES

5. Plaintiff, Christopher Jenkinson is a natural person residing in Dallas County, Texas.

6. Defendant Alclear, LLC, is a foreign limited liability company formed in Delaware, with business offices in Dallas, Texas. Citation may be served on its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporated at 211 E 7th Street, Suite 620, Austin, Texas 78701 or wherever they may be found.

## FACTUAL ALLEGATIONS

7. More than thirty (30) days prior to the institution of this lawsuit, Mr. Jenkinson filed a charge with the Equal Employment Opportunity Commission (EEOC) alleging violations of Title VII and ADA by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.     In June 2017, Mr. Jenkinson was hired as a Tech Ambassador to work at DFW Airport for Defendant.

9.     Shortly thereafter, in September 2017, Mr. Jenkinson suffered a myocardial infarction while working. He underwent medical procedures requiring him to be hospitalized and to take time off of work to recover. He was released to return to work with restrictions on or about September 14, 2017. Despite the fact that Mr. Jenkinson provided Defendant with medical documentation stating that he had restrictions on his ability to return to work for eight hour shifts, Defendant refused to provide the required accommodations. Defendant thereafter engaged in retaliatory conduct in an attempt to force Mr. Jenkinson's resignation. Specifically, on or about September 26, 2017, Mr. Jenkinson was called into a meeting with his supervisor, Ashley Gerzina, wherein she threatened to terminate Mr. Jenkinson's employment if he did not work a full eight hour shift.

10.    In 2017, Mr. Jenkinson repeatedly observed a male employee, David Addison, repeatedly engage in sexually lewd conduct toward female co-workers. Mr. Jenkinson reported the illegal conduct to his shift leader and then escalated the complaints to his supervisor, Craig Macero, and finally to the General Manager, Ashley Gerzina.

11.    On or about October 10, 2017, after no action had been taken in response to Mr. Jenkinson's reports against Mr. Addison, he escalated the

complaint to Eric Madeson, the head of technology in Defendant's corporate office. After listening intently to Mr. Jenkinson recount his observations of Mr. Addison's lewd behavior, Mr. Madeson thanked Mr. Jenkinson for bringing the issues to his attention. However, within minutes of the meeting, Mr. Jenkinson was called into a meeting with Ms. Gerzina and Mr. Paige who informed him that he was being terminated.

12. It is clear that Defendant's termination of Mr. Jenkinson's employment was predicated on request for disability accommodations and because of his reporting of illegal sexual harassment.

13. The unlawful practices complained of herein were intentional, willful, or done with malice or reckless indifference to the federally protected rights of Mr. Jenkinson.

## CAUSES OF ACTION

### Count One: VIOLATIONS OF AMERICAN WITH DISABILITIES ACT

14. Plaintiff incorporates all allegations contained in the preceding paragraphs.

15. As described above, Plaintiff had a disability and requested a reasonable accommodation to assist him with being able to perform his job.

16. Defendant failed and refused to make reasonable accommodations for Plaintiff, and instead terminated his employment in violation of the ADA. 42 U.S.C. § 12112(b)(5)(A).

17. Defendant's violation of the ADA was intentional and with reckless disregard of Plaintiff's federally protected right to be free of discrimination on the basis of his disability.

## Count Two: Retaliation in Violation of Title VII

18. Plaintiff incorporates all allegations contained in the preceding paragraphs.

19. Defendant engaged in unlawful employment practices in violation of 704 of Title VII by terminating Plaintiff's employment for his opposition to conduct prohibited by Title VII, and for his participation in conduct protected by Title VII.

20. Defendant's actions were intentional, with malice, and with reckless disregard of Plaintiff's federally protected rights.

21. The unlawful employment practices complained of herein were intentional or done with malice or reckless indifference to Plaintiff's federally protected rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for:

A. Actual damages;

B. Compensation in the form of appropriate back pay, front pay, and damages for lost benefits, and any other relief necessary to compensate Plaintiff for damages pursuant to the ADA and Title VII;

C. Reasonable attorneys' fees, costs, and expenses of this action as provided by the ADA and Title VII both for this cause and for any and all appeals as may be necessary;

D. Compensation for pecuniary and nonpecuniary losses, including emotional pain, suffering, anxiety, depression, embarrassment, degradation, and humiliation

E. Pre-judgment and post judgment interest at the highest rates allowed by law;

F. Exemplary Damages; and

G. Such other and further relief to which Plaintiff may be entitled.

## JURY DEMAND

Plaintiff demands trial by jury for all of the issues a jury properly may decide, and for all of the requested relief that a jury may award.

Respectfully submitted,

**SCHEEF & STONE, L.L.P.**

By: _____
**Brandi J. McKay**
Texas State Bar No. 24075380
brandi.mckay@solidcounsel.com
**Jonathan Strain**
Texas State Bar No. 24070689
Jon.strain@solidcounsel.com

500 N. Akard Street, Suite 2700
Dallas, Texas 75201
Telephone - 214.706.4200
Facsimile - 214.706.4242

*Attorneys for Plaintiff*